| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Argument Date:<br>May 14, 2007 - 10:00 a.m. |
| In Re:<br><br>INNOMED LABS, LLC,<br><br>          Debtor. | Chapter 7<br>Case No. 02-22644 (ASH) |

<u>OBJECTION BY JEFFREY SAPIR, ESQ., CHAPTER 7 TRUSTEE, TO INCLUSION OF
DOCUMENT NUMBERS 7 AND 8 IN RECORD ON APPEAL</u>

TO:   THE HONORABLE ADLAI S. HARDIN, JR.
      UNITED STATES BANKRUPTCY JUDGE

Jeffrey Sapir, Esq., Chapter 7 Trustee (the "Chapter 7 Trustee"), by Robinowitz Cohlan Dubow & Doherty, LLP, special counsel to the Chapter 7 Trustee ("special counsel"), as and for his objection to the inclusion of documents numbered "7" and "8" in the Designation of Record on Appeal by Hogil Pharmaceutical Corp. ("Hogil") and Howard Wendy ("Wendy"), respectfully represents and says as follows:

1.   On March 28, 2007, the Court granted from the bench the Chapter 7 Trustee's application for the appointment of special counsel as special counsel to the Chapter 7 Trustee. An Order granting the application was signed and filed on April 3, 2007, a copy of which is annexed hereto as Exhibit "A" (hereinafter "the special counsel Order").

2.   On April 11, 2007, the attorneys for Hogil and Wendy served and filed a Notice of Appeal from the special counsel Order, a copy of which is annexed hereto as Exhibit "B".

3.   On April 17, 2007, the attorneys for Hogil and Wendy served and filed a Designation of Record and Statement of Issues On Appeal (hereinafter "Designation"), a copy of which is annexed hereto as Exhibit "C".

1

4.  There is no objection to inclusion in the record of the documents identified as documents "1" through "6" in the Designation. Objection is made to the documents identified as documents "7" and "8" in the Designation since those documents were not submitted to the Court in connection with the application for the Order appealed from and there is no indication that the Court considered the documents identified as documents "7" and "8" in rendering the Order appealed from.

5.  At paragraph "8" of the Objection filed by Hogil and Wendy to the application to employ special counsel, counsel for Hogil and Wendy referred to documents "7" and "8", but did not include them as exhibits and specifically stated that the details for which those documents were referred to: "will be omitted for the sake of relative brevity in this objection." A copy of the Objection is annexed hereto as Exhibit "D".

6.  Having chosen to make limited reference to documents "7" and "8" and having chosen not to submit documents "7" and "8" in support of their Objection to the application to appoint special counsel, Hogil and Wendy can not now include those documents in the record on appeal or make any reference to those documents beyond what was made in the their Objection to the application to appoint special counsel.

7.  In In re Ames Department Store, 320 B.R 518 (S.D.N.Y. 2005), the Court determined that objections to inclusion of documents in the record on appeal are to be determined by the Bankruptcy Court and that matters which were not before the Court or considered by the Court should not be part of a record on appeal.

8.  Here, documents "7" and "8" were not submitted by Hogil and Wendy and there was no indication in the proceedings before the Court that the Court had referenced the Hogil

2

bankruptcy docket and documents "7" and "8". Therefore, documents "7" and "8" should not be included in the record on appeal and Hogil and Wendy should not be allowed to make any references to those documents beyond the references set forth in their Objection to the special counsel application.

9. No previous request for the relief sought by this Application has been made by the Chapter 7 Trustee or by special counsel.

10. It is respectfully requested that the Court waive and dispense with any requirement for a separate memorandum of law, pursuant to Local Bankruptcy Rule 9013-1 (b), since no novel issue of law is presented by this application.

WHEREFORE, it is respectfully requested that the Objection by Jeffrey Sapir, Chapter 7 Trustee, to the inclusion of documents "7" and "8" in the record on appeal be sustained, that documents "7" and "8" be stricken from the record on appeal before its transmission to the District Court, and that the Court grant such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
April 27, 2007

                                        Robinowitz Cohlan Dubow & Doherty, LLP

                          By:    /s/ Bruce Minkoff
                                Bruce Minkoff, Esq. (BM 8515)
                                Special Counsel to Jeffrey L. Sapir,
                                Chapter 7 Trustee
                                199 Main Street
                                White Plains, New York 10601
                                (914) 949-2826