UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| In re: | : | |
| INNOMED LABS, LLC, | : | 7:07-cv-4778 (WCC) |
| Debtor. | : | Chapter 7 Case |
| HOGIL PHARMACEUTICAL CORP. and HOWARD WENDY, | : | Bankruptcy Case No. 02-22644 (ASH) |
| Appellants, | : | |
| v. | : | |
| JEFFREY L. SAPIR, as Chapter 7 Trustee, | : | |
| Appellee. | : | |

---

**BRIEF OF APPELLANTS
HOGIL PHARMACEUTICAL CORP. AND HOWARD WENDY**

---

KLESTADT & WINTERS, LLP
Tracy L. Klestadt (TK-3591)
Patrick J. Orr (PO-7617)
292 Madison Avenue, 17th Floor
New York, New York 10017
Tel. (212) 972-3000
Fax: (212) 972-2245

Attorneys for Appellants

June 25, 2007

**Table of Contents**

Table of Authorities…………………………………………………………………...ii

Preliminary Statement…………………………………………………………………1

Statement of Appellate Jurisdiction…………………………………………………...2

Statement of Issues Presented…………………………………………………………2

Statement of Case……………………………………………………………………..3

Argument……………………………………………………………………………...4

    A.    The Bankruptcy Court Erred in Granting the Retention
Application as Proposed Special Counsel was not Disinterested
Pursuant to 11 U.S.C. § 327…………………………………………….4

        (i)    Provisions of 11 U.S.C. § 327 Generally………………..4

        (ii)    Under the Totality of the Circumstances
Robinowitz is not Disinterested…………………………6

        (iii)    Robinowitz's Representation of Both Trustee
and Spector as Equity Security Holder of Debtor
is Impermissible…………………………………………8

    B.    All Alleged Claims Against Mr. Wendy would be Time-Barred………..11

    C.    Bankruptcy Court Failed to Make Findings Required to Support
Entry of Retention Order……………………………………………...12

Conclusion…………………………………………………………………………....13

**Table of Authorities**

**Cases**

*Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610
    (2d Cir. 1999)……………………………………………………………………..2

*In re Harold & Williams Dev. Co.*, 977 F.2d 906 (4th Cir. 1992)………………………..6

*In re Interwest Business Equip.*, 23 F.3d 311 (10th Cir. 1994)…………………………...5

*In re Leslie Fay Companies*, 175 B.R. 525 (Bankr. S.D.N.Y. 1994)……………………..5

*In re Vebuliunas*, 231 B.R. 181 (Bankr. S.D.N.Y. 1999), *appeal dismissed*,
    246 B.R. 172 (S.D.N.Y. 2000)……………………..……………………..……10, 12

*Rome v. Braunstein*, 19 F.3d 54 (1st Cir. 1994)…………………………………………..5

*United States Trustee v. Bloom (In re Palm Coast Matanza Shores
    Ltd. Parnership)*, 101 F.3d 253 (2d Cir. 1996)…………………………………2, 8

**Statutes**

11 U.S.C. § 108……………………………………………………………………..11

11 U.S.C. § 327…………………………………………………………………4-10, 12

11 U.S.C. § 546……………………………………………………………………11, 12

28 U.S.C. § 157………………………………………………………………………….2

28 U.S.C. § 158(a)(1)………...…………………………………………………….…2

N.Y. CPLR 213……………………………………………………………………..11

**Other Authorities**

3 Lawrence P. King, *et al.*, *Collier on Bankruptcy*, P 327.04[7][b],
    at 327-56 (15th ed. Rev)...……………………………………………………..7, 8

**PRELIMINARY STATEMENT**

Hogil Pharmaceutical Corp. ("Hogil") and Howard Wendy (collectively with Hogil, "Appellants"), appeal from the Order Authorizing Jeffrey L. Sapir, Esq., Chapter 7 Trustee (the "Trustee"), to Retain and Employ Robinowitz Cohlan Dubow & Doherty, LLP ("Robinowitz" or "Special Counsel") as Special Counsel to the Chapter 7 Trustee, signed on April 3, 2007, by the Honorable Adlai S. Hardin, United States Bankruptcy Judge, in the above-captioned Chapter 7 bankruptcy case (the "Retention Order") pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

The Retention Order authorized the Special Counsel (i) to investigate possible claims by the Trustee against Appellants and (ii) to commence such corresponding litigation against Appellants, following the completion of the investigations and consultation between the Chapter 7 Trustee and Special Counsel, as the Chapter 7 Trustee and Special Counsel shall mutually deem appropriate.

Appellants objected to the Retention Application (the "Objection"), specifically on the grounds that Robinowitz, as personal counsel to Mr. Wendy's estranged and disgruntled former business partner, Dr. Gilbert Spector, holds interests adverse to the Debtor's estate, that Robinowitz is not disinterested, and that Robinowitz retention is not in furtherance of the Trustee's duties as the Trustee has already discharged his duties to the estate.  The Objection also asserted that, to the extent any such claims existed, each was statutorily time-barred and, therefore, the Retention Application is an exercise in futility.  The Objection generally asserted that the Retention Order was tantamount to the "renting" of the Trustee's powers by Dr. Spector and effectively authorized the further pursuit of a personal vendetta against Mr. Wendy.

## STATEMENT OF APPELLATE JURISDICTION

Final orders of a bankruptcy judge entered in a case or proceeding referred to the bankruptcy judges under 28 U.S.C. § 157 may be reviewed on appeal by this Court. The Second Circuit has held that a retention order, as to which no further proceedings are contemplated, is such a final order. See Bank Brussels Lambert v. Coan (In re AroChem Corp.), 176 F.3d 610 (2d Cir. 1999); see also United States Trustee v. Bloom (In re Palm Coast Matanza Shores Ltd. Partnership), 101 F.3d 253, 256 (2d Cir. 1996) (vacating bankruptcy court order permitting a chapter 7 trustee to retain his own firm to act as the real estate consultant to the debtor because such a retention would erode the trustee's status as disinterested). The Retention Order is, therefore, appeallable as of right to this Court, pursuant to 28 U.S.C. § 158(a)(1). Similarly, this Court's jurisdiction to hear this appeal also arises from 28 U.S.C. § 158(a)(1). Under Federal Rule of Bankruptcy Procedure 8013, this Court has the authority to affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings.

## STATEMENT OF ISSUES PRESENTED

Appellants respectfully request this Court's review of the following issues on appeal from the Retention Order:

1. Whether the Bankruptcy Court erred in granting the Retention Application over the objections of Hogil Pharmaceutical Corp. and Howard Wendy?

2. Whether the Bankruptcy Court erred in failing to find that Robinowitz was not "disinterested" in accordance with 11 U.S.C. §327(a)?

3. Whether the Bankruptcy Court erred in failing to find that the Retention Application was improper as all claims alleged against Howard Wendy, as defined by the Trustee, were time-barred pursuant to N.Y. CPLR 213 and 11 U.S.C. §546?

    4.        Whether the Bankruptcy Court properly made findings of fact in failing to find that the Retention Application was improper as it was ultimately motivated by the pursuit of a "vendetta" against Howard Wendy?

## **STATEMENT OF CASE**

Dr. Gilbert Spector and Mr. Howard Wendy were once co-owners of both Hogil, which was named after Ho[ward Wendy] and Gil[bert Spector], and Innomed Labs, LLC ("Innomed" or the "Debtor"). Currently, Howard Wendy is the chairman of Hogil.

Hogil filed a Chapter 11 petition in the Bankruptcy Court on November 2, 1999, under case no. 99-11107 (the "Hogil Case"). On October 26, 2000, the Bankruptcy Court approved the disclosure statement proposed to accompany its plan of reorganization (the "Hogil Disclosure Statement") and on December 8, 2000, the Third Amended Chapter 11 plan was confirmed in the Hogil Case (the "Hogil Plan"). The Hogil Case was originally closed in June 2001. On Dr. Spector's motion, this Court reopened the Hogil Case for a limited purpose in February 2006. The case was re-closed in September 2006.

Innomed filed a Chapter 11 petition in this Court on April 30, 2002. Subsequently, the Innomed case was converted to a case under Chapter 7 of the Bankruptcy Code and the Trustee was appointed.

Prior to the commencement of the Hogil Case, Mr. Wendy discovered that Dr. Spector was planning to try to remove him from his management role in both companies. In response, Mr. Wendy had Dr. Spector removed instead. Almost immediately thereafter, Mr. Wendy, his wife, Hogil and Innomed became involved in litigation with Dr. Spector, which continues to date.

Hogil and Mr. Wendy objected to the Retention Application on the grounds that the Robinowitz firm, Dr. Spector's personal counsel, holds interests adverse to the estate, that it is

3

not disinterested, and that its retention is not in furtherance of the Trustee's duties as the Trustee has already discharged his duties to the estate.

The Bankruptcy Court heard arguments with respect to the Retention Application on March 22, 2007 (the "March 22 Hearing"), which hearing was continued to March 28, 2007, (the "March 28 Hearing").

On April 3, 2007, the Bankruptcy Court entered the Retention Order over the Appellants' Objection. No written opinion and/or decision accompanied the Bankruptcy Court's ruling and, based on the record, the Bankruptcy Court ruled based on its perceived lack of cause for denying the Retention Application.

On April 11, 2007, Appellants filed a Notice of Appeal with respect to the Retention Order.

To date, the investigations authorized by the Retention Order are continuing and the depositions of both Mr. Wendy and Hogil have been completed as well as the production of documents. No complaint has been filed by the Trustee or Special Counsel.

## ARGUMENT

A.  **The Bankruptcy Court Erred in Granting the Retention Application as Proposed Special Counsel was not Disinterested Pursuant to 11 U.S.C. § 327**

    (i) <u>Provisions of 11 U.S.C. § 327 Generally</u>

The trustee of a bankruptcy estate may, subject to bankruptcy court approval, employ professionals "to represent or assist the trustee in carrying out the trustee's duties" under the Bankruptcy Code. 11 U.S.C. § 327(a). The statute governing the trustee's ability to retain professionals is 11 U.S.C. § 327, three subsections of which are relevant here.

4

Subsection (a) of section 327 sets out a general, two-part test governing employment of all professionals.  Under subsection (a), the trustee may hire only those professionals that (1) "do not hold or represent an interest adverse to the estate," and (2) are "disinterested persons."  11 U.S.C. § 327(a).

Limited exceptions to this broad prohibition are found in subsections (c) and (e).  Subsection (c) provides that a person is "not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." 11 U.S.C. § 327(c).  This provision prevents disqualification based solely on the professional's prior representation of or employment by a creditor -- it "does not preempt the more basic requirements of subsection (a)." In re Interwest Business Equip., 23 F.3d 311, 316 (10th Cir. 1994).  Thus it "remains important to determine whether the person is disqualified on any other ground, *e.g.*, an interest adverse to the estate." 3 Lawrence P. King, *et al.*, *Collier on Bankruptcy*, P 327.04[7][b], at 327-56 (15th ed. rev. 1998).

Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

By regulating the trustee's ability to hire professionals, section 327 "'serves the important policy of ensuring that all professionals appointed [to represent the trustee] tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary

5

responsibilities.'" In re Leslie Fay Companies, 175 B.R. 525, 532 (Bankr. S.D.N.Y. 1994) (quoting Rome v. Braunstein, 19 F.3d 54, 58 (1st Cir. 1994)) (holding that debtor's counsel/defendant had not been disinterested when retained and had failed to fully disclose nature and extent of representations giving rise to such disinterestedness).

When evaluating proposed retention, a bankruptcy court "should exercise its discretionary powers over the approval of professionals in a manner which takes into account the particular facts and circumstances surrounding each case and the proposed retention before making a decision." 3 Collier, ¶ 327.04[1][a] (citing In re Harold & Williams Dev. Co., 977 F.2d 906, 910 (4th Cir. 1992) ("The discretion of the bankruptcy court must be exercised in a way that it believes best serves the objectives of the bankruptcy system. Among the ultimate considerations for the bankruptcy courts in making these decisions must be the protection of the interests of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding.")).

(ii) Under the Totality of the Circumstances, Robinowitz is not Disinterested

In this case, while ambiguity exists in the Retention Application, during the March 28, 2007 Hearing, the proposed Special Counsel unequivocally stated that the retention was being sought pursuant to section 327(a). See March 22 Hearing Transcript at 19.

Dr. Spector, Mr. Wendy, their families, Hogil and Innomed have been involved in litigation in various forums and on various claims going back to 1999. Suffice it to say, subsequent to the break-up of business relations between Messrs. Wendy and Spector, Dr. Spector's strategy has been driven more by personal animus than by well reasoned legal analysis.

6

During the course of this litigation, Dr. Spector and his wife were, and, upon information and belief, continue to be, represented by Mark Billhimer, Esq. On December 27, 2005, Dr. Spector convinced the Trustee to seek approval to retain Mr. Billhimer as special counsel to the Trustee, despite his having already appeared and filed motions on behalf of Dr. Spector in this case. No order was ever entered with respect to this application presumably because the U.S. Trustee's office chose not to approve it.

The Retention Application seeks to now retain Robinowitz, for whom no fewer issues exist. The scant Application and supporting Affidavit of Alan M. Dubow, Esq. (the "Dubow Affidavit") state, with less than sufficient detail, the existence, but not the nature and extent of, Robinowitz's prior representation of Dr. Spector. Notwithstanding Mr. Dubow's statement that his firm "attempted" to appear in one unidentified litigation in which Mr. Wendy was a party but that the action was "no longer pending" at the time of this attempt, a search on the eCourts website for the New York State Unified Court System (http://iapps.courts.state.ny.us/webcivil/FCASMain) indicates that Mr. Dubow did appear, at the latest as of September 20, 2006, in a matter against Mrs. Wendy, before the New York Supreme Court, County of Westchester styled *Diana Wendy v. Gilbert Spector*, Index No. 17645/2001 (the "Westchester Action"). See Dubow Affidavit at ¶ 3-4.

In addition to the foregoing, and equally troubling, is the fact that the Retention Order authorizes the fees and expenses incurred by Robinowitz in connection with the investigation of Appellants to be paid by Dr. Spector, with Dr. Spector taking a superpriority administrative claim against the estate in an amount equal to the excess of any recovery by Robinowitz over $10,000. Dubow Affidavit at ¶ 10.

7

When all of these circumstances are viewed together, it becomes clear that the Robinowitz firm is unable to provide the Trustee with the untainted advice and assistance in furtherance of his fiduciary responsibilities, as required when professionals are retained under 11 U.S.C. § 327(a).

      (iii)    Robinowitz's Representation of Both Trustee and Spector as Equity Security Holder of Debtor is Impermissible

Robinowitz represented Dr. Spector and his wife as recently as September of 2006. Dr. and Mrs. Spector, are alleged creditors of the Debtor, and Dr. Spector is an equity security holder of the Debtor. Conflicting interests and loyalties are not permitted for a trustee's representatives; by expressly allowing the simultaneous representation of the trustee and a creditor, Congress elected not to permit the simultaneous representation of the trustee and an equity security holder. United States Trustee v. Bloom (In re Palm Coast, Matanza Shores Ltd. Partnership), 101 F.3d 253, 257-58 (2d Cir. 1996) (reversing a bankruptcy court order that allowed a chapter 11 trustee who was a real estate professional to hire his own real estate firm).

Robinowitz represents Dr. Spector and his wife. Dr. and Mrs. Spector are creditors of Innomed, and Dr. Spector is an equity security holder. Although section 327(c) of the Bankruptcy Code permits the simultaneous representation of the trustee and a creditor in the absence of an actual conflict, that provision does not permit the simultaneous representation of the trustee and an equity security holder. Nor can this Court assume that the absence of a comparable provision means that this Court is free to supply one. Rather, the contrary is the case. In United States Trustee v. Bloom (In re Palm Coast, Matanza Shores Ltd. Partnership), 101 F.3d 253, 257-58 (2d Cir. 1996), the Second Circuit reversed a bankruptcy court order, affirmed by the district court, that allowed a chapter 11 trustee who was a real estate professional to hire his own real estate firm, even though section 327(d) allows trustees who are attorneys and

8

accountants to hire their own firms.  The court held the hiring was impermissible on two grounds.  First, in the absence of an express statutory override, trustees in bankruptcy are governed by the common law of trusts, which does not permit trustees or their representatives to have conflicting interests or loyalties.  Second, the rule of statutory construction known as *expression unius est exclusio alterius* states that by enumerating certain exceptions to the general rule, Congress intended to prohibit other ones. *Id.*  What is true for section 327(d) is also true for section 327(c).  Conflicting interests and loyalties are not permitted for the trustee's representatives; and by expressly allowing the simultaneous representation of the trustee and a creditor, Congress elected not to permit the simultaneous representation of the trustee and an equity security holder.

Also critical to this discussion are the potential claims that Innomed shares with Hogil against Dr. and Mrs. Spector which are set forth in detail in the Hogil Disclosure Statement, in relevant part, as follows:

> The second claim, which [Hogil] intends to pursue, is a breach of fiduciary duty and corporate opportunity claim against Dr. Spector, and possibly his wife, for the payments totaling more than $2 million over a five-year period for advertising services to Prospect DC Corp., also known as PD Consulting, a subchapter S corporation, owned by Mrs. Spector and the Spectors' son.  [Hogil] will allege that the hiring of this Spector family firm to do work, for which Mrs. Spector had no prior experience, and the payment of such sums, without the knowledge of Mr. Wendy, and therefore, the board of directors, by Dr. Spector represents a breach of Dr. Spector's fiduciary duty of loyalty to [Hogil] and the usurpation of a corporate opportunity by Dr. Spector, possibly aided and abetted by Mrs. Spector, which resulted in improper additional compensation to Dr. Spector and his family.  [Hogil] expects that this claim will be vigorously contested, and thus it is not practical to estimate its value.

Hogil Disclosure Statement at 40-41.

Innomed has the same claims against Dr. Spector as Hogil does, albeit in smaller amounts.  While such claims may be time-barred, the same way such claims against Mr. Wendy

9

are time-barred (see *infra*), the claims remain available for setoff purposes. However, no purpose is served by objecting to Dr. Spector's claims, unless and until assets become available for distribution.

Obviously, it is in the estate's interest to pursue valid claims for breach of fiduciary duty and corporate opportunity against Dr. and Mrs. Spector. And, it is in Dr. and Mrs. Spector's interest to oppose such claims. Robinowitz therefore represents two persons with an interest adverse to the estate, and may not be retained pursuant to section 327(a).

Finally in this regard, Robinowitz is not eligible to represent the Trustee, because the firm has been previously involved on the Spectors' behalf in pursuing a litigation strategy designed to harass Mr. Wendy. In In re Vebuliunas, 231 B.R. 181, 189 (Bankr. S.D.N.Y. 1999), *appeal dismissed*, 246 B.R. 172 (S.D.N.Y. 2000), the court held that bias or prejudice by counsel for the trustee toward a party in interest, in that case the debtor, caused that counsel to cease to be disinterested. The court noted that disinterestedness goes beyond the lack of a conflict of interest. Rather the governing standard requires that:

> professionals engaged in the conduct of a bankruptcy case should be free from the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment that is expected of them during the course of administration . . . .

*Id.* at 191 (*quoting* 1 COLLIER BANKRUPTCY MANUAL § 101.13 (1981)).

Robinowitz cannot meet this standard. Robinowitz has represented the Spectors in lawsuits designed to harass Mr. Wendy. Additionally, Robinowitz will continue to be paid by Dr. Spector. Dr. Spector's desire to finance what will likely be an expensive and time-consuming investigation by Special Counsel should give the Court a strong indication of the lengths to which Dr. Spector intends to pursue his vendetta against Mr. Wendy and his family.

10

While it is not uncommon for a creditor to front the estate's expenses resulting from the retention of special counsel in some situations, those cases involve a creditor motivated by a desire to see a return on such an investment, who are only acting, presumably, after a measured evaluation of risk. No such creditor exists in this case. Here, Dr. Spector's sole motivation is to further harass Mr. Wendy and his family by renting the Trustee and the Bankruptcy Court. Furthermore, it is unclear from whom proposed Special Counsel is taking its direction but based on the terms of the retention, it would appear that Dr. Spector is calling the shots – not the Trustee, with whom the fiduciary duty to the estate lies. Therefore, Robinowitz is not impartial and cannot be relied upon to use detached judgment in prosecuting claims on behalf of the Innomed estate. Given this context, the Bankruptcy Court should not have authorized the Trustee retain the Robinowitz firm.

**B.      All Alleged Claims Against Mr. Wendy would be Time-Barred**

While the Retention Application and related documents fall woefully short of adequately setting forth the when the events giving rise to the alleged claims to be brought by the Trustee against Mr. Wendy and other entities arose, it appears that all such claims are well beyond any applicable statute of limitations. Most of the generally alleged claims mentioned in the Retention Application are for events that occurred more than six years ago. Such claims are time-barred. See N.Y. CPLR 213. Moreover, any extension of the New York statute of limitations afforded by 11 U.S.C. § 108(a) has also expired, since more than two years have passed after the order for relief.

With respect to an open bankruptcy case, section 546 of the Bankruptcy Code states that any chapter 5 avoidance actions may not be commenced after the later of (a) two years after the

11

entry of the order for relief, or (b) one year after the appointment or election of the first trustee. Here, the order for relief was entered on April 30, 2002, and the Trustee was appointed on or about December 27, 2002. As such, the Trustee is statutorily barred from bringing any chapter 5 avoidance actions.

To the extent the Retention Application is inferring that improprieties exist with respect to the filing of tax returns (an allegation lacking any specificity which Mr. Wendy nonetheless vigorously denies), it should be noted that Innomed is a limited liability company (with tax obligations passing through it to its members) and, therefore, such matters are within the purview of the Internal Revenue Service and not the Trustee who lacks standing to bring such claims.

To allow special counsel to investigate and prosecute claims that are time-barred or as to which the Trustee lacks standing is to allow this Court's processes to be abused for the pursuit of a vendetta, as to which there is no benefit to the estate.

### C. Bankruptcy Court Failed to Make Findings Required to Support Entry of Retention Order

In granting the Retention Application, the Bankruptcy Court issued no written opinion and/or decision to accompany its ruling. The Retention Order simply grants the Retention Application without any findings of fact with respect to the myriad issues raised in the Objection and during the March 22 Hearing and the March 28 Hearing. In addition, the transcripts for these hearings appear to indicate that the Bankruptcy Court ruled based on its perceived lack of cause for denying the Retention Application.

The Bankruptcy Court's failure to make unequivocal findings of fact on these issues constitutes reversible error. Section 327(a) of the Bankruptcy Code requires a finding that a professional seeking retention pursuant to this section must (i) not hold an interest adverse to the

estate, and (ii) be disinterested with respect to the Debtor and each and every class of creditors. 11 U.S.C. § 327(a); <u>see also</u> <u>In re Vebuliunas</u>, 231 B.R. 181, 189 (Bankr. S.D.N.Y. 1999). Findings relating to the existence of an interest adverse to the estate and disinterestedness are necessary to support the grant of authority to retain special counsel.

## **CONCLUSION**

Appellants assert that the Retention Order should be reversed and/or vacated for the following reasons: (i) Robinowitz is not disinterested, pursuant to 11 U.S.C. § 327(a); (ii) to the extent any claims are determined to exist as a result of the investigation, each is statutorily time-barred and, therefore, the only possible outcome is the further harassment of the Appellants; (iii) the Bankruptcy Court failed to make any required findings of fact with respect to the myriad issues raised by the Objection in granting the Retention Application.

For all of the reasons stated above, Hogil Pharmaceutical Corp. and Howard Wendy respectfully request that this Court (A) reverse and vacate the Retention Order insofar as it authorized Jeffrey L. Sapir, acting as the Chapter 7 Trustee to Innomed Labs, LLC, to retain and employ Robinowitz Cohlan Dubow & Doherty, LLP as special counsel to the Trustee; (B) remand this matter to the Bankruptcy Court for further proceedings consistent with this Court's decision; and (C) grant such other relief as this Court deems proper.

Dated:  New York, New York
        June 25, 2007

                                        KLESTADT & WINTERS, LLP
                                        Counsel to Hogil Pharmaceutical Corp.
                                        and Howard Wendy

                                        By: _____/s/ Tracy L. Klestadt_____

            Tracy L. Klestadt (TK-3591)
            Patrick J. Orr (PO-7617)
Attorneys for Appellants
292 Madison Avenue, 17th Floor
New York, New York 10017
Tel. (212) 972-3000
Fax: (212) 972-2245

14